UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRUCE ZIERHUT (#320360)**                                             **CIVIL ACTION**

**VERSUS**

                                                                                                  **24-08-BAJ-SDJ**

**LOUISIANA DEPARTMENT OF CORRECTIONS, ET AL.**

**ORDER**

The *pro se* Plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Defendants Louisiana Department of Corrections, Louisiana State Prison Hospital, Secretary LeBlanc, Warden Hooper, and Our Lady of the Lake Hospital, complaining that his constitutional rights were violated due to medical negligence and/or deliberate indifference to his serious medical needs. Plaintiff's Complaint (R. Doc. 1) names entities who are not considered "persons" under Section 1983, rather than naming individual employees of those entities, and does not indicate how each named Defendant is allegedly personally involved in any action or inaction indicative of deliberate indifference to his serious medical needs. As such, Plaintiff will be ordered to amend his Complaint as set forth below.

**Juridical Person**

Section 1983 only imposes liability on a "person" who violates another's constitutional rights under color of law. In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether a person or entity can be sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as an "entity to which the law attributes personality, such as a corporation or partnership." *See* La. Civ. Code Ann. art. 24.

For example, a prison and its administrative departments, such as medical, are not persons for the purposes of a suit under section 1983. *Douglas v. Gusman*, 567 F.Supp.2d 877, 892 (E.D. La. 2008) (citing *United States ex rel. Arzonica v. Scheipe*, 474 F.2d 720, 721 (3rd Cir. 1973); *Cullen v. DuPage County*, No. 99-1296, 1999 WL 1212570, *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97-0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Sponsler v. Berks County Prison*, No. 95–1136, 1995 WL 92370, at * 1 (E.D. Pa. 1995); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D. Ill. 1993)). Additionally, the Department of Public Safety and Corrections is not a "person" under § 1983. *See Washington v. Louisiana*, 425 F. App'x 330, 333 (5th Cir. 2011) (per curiam) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63–71 (1989)). As such, a plausible claim cannot be plead against either.

*Personal Involvement*

As to the named defendants who are considered to be persons within the meaning of section 1983, in order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").

Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

## Deliberate Indifference

A prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

Accordingly,

**IT IS ORDERED** that Plaintiff shall, **within 21 days from the date of this Order**, amend his Complaint by:

(1) Naming as defendants individuals or entities who are considered to be "persons' within the meaning of section 1983;

(2) Stating facts showing deliberate indifference to Plaintiff's serious medical needs; and

(3) Stating how each named defendant was personally involved.

**IT IS FURTHER ORDERED** that failure to amend the Complaint, as ordered, may result in dismissal of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

Signed in Baton Rouge, Louisiana, on May 20, 2024.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**